UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____

LIBERTARIAN PARTY OF
NEW HAMPSHIRE,

    Plaintiff,

v.                                           Civil Case. No. 1:14-cv-00322-PB

WILLIAM M. GARDNER, Secretary of the
State of the State of New Hampshire,
in his official capacity,

    Defendant
_____

### DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL SUBMISSION

The defendant respectfully submits this response to the plaintiff's supplemental submission dated July 20, 2015.  The defendant seeks to clarify the record with respect to two points:  New Hampshire law governing contributions to political parties; and the scheduling of municipal elections.

The plaintiff states that, "a person cannot make a contribution to a state political party for the purpose of promoting the success or defeat of any candidate or political party at any state primary or general election (i) in excess of $5,000 <u>if the party voluntarily agrees to limit expenditures as provided in RSA 664:5-a</u>, or (ii) in excess of $1,000 <u>if the party declines to voluntarily agree to limit expenditures as provided in RSA 664:5-a</u>."  (emphases added).  The statement is not an accurate characterization of New Hampshire's campaign finance law.  RSA 664:5-a provides that <u>candidates</u> – not parties – may voluntarily agree to limit political expenditures.  If a candidate does not agree to the limitations, the candidate or his or her committee may not accept contributions in excess of $1,000 "by any person or by any political

committee." RSA 664:4, V; *see also Kennedy v. Gardner*, No. CV-98-608-M (D.N.H. Sept. 30, 1999) (interpreting and upholding as constitutional RSA 664:4, V).

As to political parties (and political committees), RSA 664:4 permits contributions up to $5,000 from "any person." RSA 664:4, V. That limitation does not apply to contributions made to political parties (and non-candidate political committees) from another political committee. Political contributions, including those to political parties and political committees, are subject to reporting requirements. *See* RSA 664:6.

The plaintiff states that "New Hampshire has 13 cities that have elections in the fall." That statement is not accurate. RSA 44:11 broadly provides that the "election of city and ward officers shall be held on such day as may be fixed by law or by ordinance of the city council but in no event shall it be held in conjunction with a biennial election." In contrast, towns are specifically required to hold annual elections in March, April or May. *See, e.g.,* RSA 39:1, 39:1-a, and 40:14, X. Of New Hampshire's thirteen municipalities adopting a city form of government, twelve currently opt to conduct municipal elections during the fall months (either October or November); however, the City of Lebanon conducts its election in March. *See* City of Lebanon, City Clerk website (setting forth Election Schedule) (http://lebcity.net/CityClerk/Documents/Election/2015/2015%20ELECTION%20SCHEDULE.pdf).

    Respectfully submitted,

    WILLIAM M. GARDNER,
    Secretary of State of the State of
    New Hampshire, in his official capacity,

    By and through his counsel,

    JOSEPH A. FOSTER
    Attorney General

Dated: July 28, 2015 /s/ Stephen G. LaBonte
Laura E. B. Lombardi (NH Bar # 12821)
Senior Assistant Attorney General
Stephen G. LaBonte (NH Bar # 16178)
Assistant Attorney General
N.H. Department of Justice
33 Capitol Street
Concord, NH 03301
603-271-3650

**Certificate of Service**

I hereby certify that a copy of the foregoing was electronically served by ECF this 28th day of July 2015 to:

| | |
|---|---|
| William E. Christie | Gilles R. Bissonnette |
| Shaheen & Gordon, P.A. | NH Civil Liberties Union |
| 107 Storrs Street | 18 Low Avenue |
| P.O. Box 2703 | Concord, NH  03301 |
| Concord, NH  03302 | |

/s/ Stephen G. LaBonte
Stephen G. LaBonte